IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES D. MILLS, M.D., | § | |
| NASROLLAH FATEHI, M.D., | § | |
| MEGHAN B. SCHEPENS, NP-C, | § | |
| and KERRY GREGORY, PA-C, | § | No. 387, 2021 |
| | § | |
| Defendants Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| HARRY SANCHEZ, individually | § | C.A. No. N18C-11-265 |
| and on behalf of the ESTATE OF | § | |
| LEIDA SANCHEZ, MELANIE | § | |
| SANCHEZ, and ANJEANETTE | § | |
| SANCHEZ, | § | |
| | § | |
| Plaintiffs Below, | § | |
| Appellees. | § | |

Submitted: February 1, 2022
Decided: February 17, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

### **ORDER**

After careful consideration of the notice of interlocutory appeal, the supplemental notice of appeal, and their exhibits, it appears to the Court that:

(1) Harry Sanchez, individually and on behalf of the Estate of Leida Sanchez, Melanie Sanchez, and Anjeanette Sanchez (together, "Plaintiffs") filed a medical malpractice complaint against a series of medical providers alleging negligent treatment of Leida Sanchez ("Sanchez"). Relevant to this appeal,

Plaintiffs allege that Sanchez suffered a spinal cord injury that was proximately caused by the failure of James Mills, M.D., Nasrollah Fatehi, M.D., Meghan B. Schepens, NP-C, and Kerry Gregory, PA-C ("PA Gregory") (together, "Neurosurgical Defendants") to diagnose her spinal cord compromise and offer surgery during two separate admissions to Kent General Hospital in December 2016 and January 2017.

(2)     On April 5, 2021, Neurosurgical Defendants filed a motion for partial summary judgment as to the claims against PA Gregory.  In support of their motion, Neurosurgical Defendants argued that Plaintiffs had failed to produce any expert testimony to support a finding that PA Gregory had breached the standard of care she owed to Sanchez or that any such breach caused any harm to Sanchez.  Plaintiffs opposed the motion, arguing that material facts remained in dispute, including whether PA Gregory was acting independently and without the requisite supervision described in her collaboration agreement with her supervising physician.[1]   On November 3, 2021, the Superior Court denied the motion (the "Order").

(3)     On November 15, 2021, Neurosurgical Defendants asked the Superior Court to certify an interlocutory appeal from the Order under Supreme Court Rule

_____

[1] *See* 24 *Del. C.* § 1771 (providing that a physician-physician assistant team must create a written collaborative agreement identifying the physician assistant's scope of practice, defining the collaborating physician's relationship with the physician's assistant, and establishing a process for evaluating the physician assistant's performance).

42. Neurosurgical Defendants maintained that because reversal of the Order would lead to PA Gregory's dismissal from the action, the Order had decided a substantial issue of material importance. And Neurosurgical Defendants argued that the following Rule 42(b)(iii) factors warranted interlocutory review: (i) the Order relates to the construction or application of a statute, which has not been, but should be, settled by the Court in advance of an appeal from a final order (factor C); (ii) review of the interlocutory order would terminate the litigation as to PA Gregory (factor G); and (iii) interlocutory review would serve the considerations of justice (factor H). Plaintiffs opposed the application.

(4) On January 31, 2022, the Superior Court denied the application. Finding that the Order merely permitted the parties to further develop the factual record, the Superior Court disagreed with Neurosurgical Defendants that the Order had decided a substantial issue or a legal right. Nevertheless, the Superior Court considered the Rule 42(b)(iii) factors that Neurosurgical Defendants argued supported interlocutory review. With regard to factor C—the constitutionality, construction, or application of a statute that should be settled by the Court in advance of an appeal from a final order—the court found that the relevant question was whether PA Gregory had complied with the relevant medical malpractice statutes and did not concern the construction or application of the statutes. Accordingly, the Superior Court concluded that factor C did not weigh in favor of certification.

(5)    The Superior Court also found that factor G—interlocutory review would terminate the litigation—did not weigh in favor of certification. The Superior Court noted that interlocutory review would only be dispositive as to PA Gregory and that numerous other defendants remained. Moreover, the court observed that if interlocutory review of the Order was successful, it would have a negligible impact on the trial because it would not reduce the number of witnesses or the amount or type of evidence that would be presented. Finally, the Superior Court rejected Neurosurgical Defendants' claim that factor H—interlocutory review would serve the considerations of justice—weighed in favor of certification, given the marginal effect that reversal of the Order would have on the underlying proceedings.

(6)    We agree with the Superior Court that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the Court.[2] In the exercise of its discretion and giving due weight to the Superior Court's analysis, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[3] and the potential benefits of

---

[2] Del. Supr. Ct. R. 42(d)(v).

[3] Del. Supr. Ct. R. 42(b)(ii).

4

interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[4]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

---

[4] Del. Supr. Ct. R. 42(b)(iii).